**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **J.M.**

**No. 25-595** (Kanawha County CC-20-2024-JA-459)

# MEMORANDUM DECISION

Petitioner Mother J.C.[1] appeals the Circuit Court of Kanawha County's August 11, 2025, order terminating her parental rights to J.M., arguing that the court erred by denying her motion for a post-adjudicatory improvement period and by not imposing a less restrictive dispositional alternative.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The DHS filed an abuse and neglect petition on December 17, 2024, shortly after the petitioner gave birth to J.M. in November 2024. The DHS alleged that J.M. was born with opioids in his system and experienced withdrawal symptoms. The DHS also asserted that the petitioner tested positive for opioids (including fentanyl) upon admission to the hospital, admitted to purchasing marijuana that she believed could have been laced with other drugs, and continued to use this marijuana immediately prior to J.M.'s birth. Further, the DHS alleged that the petitioner appeared to be under the influence during a visit with J.M. at the hospital and lacked stable housing and employment. Finally, the DHS contended that the petitioner's parental rights to two other children were involuntarily terminated in 2018.

At the preliminary hearing on December 23, 2024, the petitioner moved for visitation with J.M. but, upon questioning, admitted to using illegal substances approximately two weeks prior. Based on this admission, the court ordered the petitioner to begin random drug screening and permitted supervised visitation following three clean screens. However, when the guardian requested that the petitioner screen immediately after the hearing, to allow for visitation as soon as possible, the petitioner refused. The petitioner's counsel then informed the court that the petitioner was scheduled to begin a forty-one-month federal prison sentence starting in March 2025 stemming from her conviction for drug trafficking offenses.

---

[1] The petitioner appears by counsel Sandra K. Bullman. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Carl E. Hostler. Counsel Sharon K. Childers appears as the child's guardian ad litem ("guardian").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

At the adjudicatory hearing in February 2025, the petitioner stipulated to substance abuse and, accordingly, the circuit court adjudicated her of abusing and neglecting J.M. The court also took judicial notice of the petitioner's prior involuntary terminations. The petitioner again requested visitation with J.M. but, when questioned by the court, admitted that she continued to smoke marijuana. The court was further informed that the petitioner continued to test positive on drug screens. Accordingly, the court denied the petitioner's request for visitation.

The circuit court held a dispositional hearing in August 2025, where it considered the petitioner's motion for a post-adjudicatory improvement period. A Child Protective Services ("CPS") worker testified that the DHS recommended terminating the petitioner's parental rights due to her extensive substance abuse, criminal history, prior involuntary terminations arising from her substance abuse, and her continued abuse of controlled substances while pregnant with J.M. which harmed the child. The CPS worker further stated that, although the petitioner completed a two-week detoxification program following the preliminary hearing, she continued to use marijuana and test positive on drug screens, rendering her unable to have visitation with J.M. Next, the petitioner testified that she was participating in a residential drug abuse program and expected to be released to a halfway house at some time between April and November 2026. The petitioner requested a post-adjudicatory improvement period based on this participation, with the terms being her completion of the program. The petitioner further testified that she had previously completed detoxification treatment three times and had received substance abuse treatment between 2017 and 2021 during an incarceration for possession of controlled substances with intent to distribute. Finally, the petitioner asserted that she regularly contacted J.M.'s father to discuss the child's wellbeing.

Based upon the evidence presented, the circuit court found that the petitioner failed to produce a clean drug screen since the initiation of the proceedings—which prevented her from having any contact with J.M.—and admitted to using marijuana after completing a detoxification program. As such, the court concluded that the petitioner could not demonstrate that she would comply with or benefit from an improvement period, and that the conditions underlying the petitioner's prior 2018 involuntary termination had not been rectified. The court also found that, while the petitioner's federal sentence could be reduced, such a reduction was uncertain and dependent on the petitioner's compliance and behavior, and that waiting for the petitioner's release would unreasonably delay the child's permanency. The court thus concluded that the petitioner's conduct demonstrated that there was no reasonable likelihood that she could substantially correct the conditions of neglect within a reasonable timeframe and that termination of the petitioner's rights was in J.M.'s best interests. Accordingly, the court denied the petitioner's motion for a post-adjudicatory improvement period and terminated her parental rights to J.M. It is from the dispositional order that the petitioner appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's substantive rulings for abuse of discretion, factual findings are reviewed for clear error, and issues of law are reviewed de novo. Syl. Pt. 1, *In re K.S.*, -- W. Va. --, 930 S.E.2d 400

---

[3] The father was granted a post-adjudicatory improvement period. J.M.'s permanency plan is reunification with his father, with a concurrent permanency plan of adoption in his current placement.

(2026). Before this Court, the petitioner first argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period. We disagree. West Virginia Code § 49-4-610(2)(B) permits a circuit court to grant an improvement period when a parent "demonstrates, by clear and convincing evidence, that [she] is likely to fully participate." However, a circuit court has discretion to deny an improvement period when no improvement is likely. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). In support of her argument, the petitioner points to her successful completion of a detoxification program during the underlying proceedings, her regular communication with J.M.'s father regarding the child's wellbeing, and her participation in a drug abuse program while incarcerated. However, the petitioner's argument ignores the evidence presented regarding her two prior involuntary terminations due to substance abuse, her participation in an extensive substance abuse treatment during her prior incarceration (which was to no avail), and her admission to using marijuana following her completion of the detoxification program. The court was further informed of the petitioner's refusal to drug screen following the preliminary hearing and that she repeatedly tested positive for controlled substances in the months following the filing of the petition—which prevented her from having any visitation with J.M. prior to her March 2025 incarceration. As we have explained, "the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted). Accordingly, we conclude that the circuit court did not abuse its discretion in denying the petitioner's motion for a post-adjudicatory improvement period.

The petitioner further argues that the circuit court erred in terminating her parental rights, asserting that termination was not the least restrictive alternative. We again disagree. We have consistently held that "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)). As stated above, the court received substantial evidence that the petitioner's substance abuse issues continued even after the petitioner received intensive treatment, resulting in J.M. being born with opioids in his system and exhibiting signs of withdrawal. The circuit court thus had sufficient evidence to find that there was no reasonable likelihood that the petitioner could correct the conditions of abuse and neglect in the near future. Moreover, while the petitioner asserts that an alternative disposition pursuant to West Virginia Code § 49-4-604(c)(5) would be more appropriate because J.M.'s permanency plan is reunification with his father, we have repeatedly explained that "simply because one parent has been found to be a fit and proper caretaker for his/her child does not automatically entitle the child's other parent to retain his/her parental rights if his/her conduct has endangered the child and such conditions of abuse and/or neglect are not expected to improve." *In re Emily*, 208 W. Va. 325, 344, 540 S.E.2d 542, 561 (2000).[4] Here, based on evidence that the petitioner's substance abuse was not expected to improve, the court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially

---

[4] We further note that this Court has repeatedly stated that a disposition under West Virginia Code §49-4-604(c)(5) "specifically does not encompass when a child is with a non-offending parent—only when a child is temporarily placed with a guardian or the DHS." *In re H.B.*, 252 W. Va. 350, 361 n.18, 922 S.E.2d 350, 361 n.18 (2025).

corrected in the near future and that the best interests of the child required termination of the petitioner's parental rights. Circuit courts are permitted to terminate parental rights upon such findings. *See* W. Va. Code § 49-4-604(c)(6) (permitting termination of parental rights "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child."). Accordingly, the court did not abuse its discretion in terminating the petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 11, 2025, dispositional order is hereby affirmed.

Affirmed.

**ISSUED:** July 28, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice H. L. Kirkpatrick
Justice James W. Flanigan